# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARLA SUE SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-18-613-STE |
| | ) |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 12-21). The Appeals Council denied

Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 10, 2008, her alleged onset date. (TR. 14). At step two, the ALJ determined that Ms. Smith had the following severe impairments: obesity; diabetes mellitus; hypertension; a back disorder; hyperlipidemia; and osteoarthritis of the hands. (TR. 14). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 15).

At step four, the ALJ concluded that Ms. Smith retained the residual functional capacity (RFC) to:

> [L]ift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand/walk for about 6 hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can frequently handle and finger as of February 26, 2016 (the claimant had no limitations on handling and fingering prior to said date). 20 CFR 404.1567(b) and 416.967(b).

(TR. 16). At the administrative hearing, the ALJ questioned Ms. Smith and a vocational expert (VE) to assess Plaintiff's past relevant work. (TR. 39-43). In doing so, the VE testified that an individual with Ms. Smith's RFC was capable of performing her past work as a cashier and a dispatcher. (TR. 43-44). Thus, at step four, the ALJ concluded that Ms.

Smith was not disabled based on her ability to perform her past jobs as a cashier and a dispatcher, as those jobs are actually and generally performed. (TR. 20).

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Ms. Smith alleges the ALJ: (1) committed legal error regarding Plaintiff's use of a cane; (2) erred at step four regarding Plaintiff's past relevant work; and (3) failed to properly apply the Medical-Vocational Guidelines ("the Grids.").

## V. ERROR IN THE ALJ'S CONSIDERATION OF PLAINTIFF'S CANE USE

Ms. Smith alleges that the ALJ committed legal error in failing to account for Plaintiff's use of a cane in the RFC without explanation. The Court agrees.

3

### A. Evidence Regarding Plaintiff's Use of a Cane and the ALJ's Findings

On May 19, 2015, Plaintiff's treating physician, Melinda Powers, D.O., gave Ms. Smith a cane and instructed her to use it to prevent falls. (TR. 266). And at the hearing, Plaintiff walked with a cane and testified that approximately three times per week, she would suffer from "flare-ups" involving leg numbness which would require her to use her cane. (TR. 33-34).

In the administrative decision, citing evidence from Dr. Powers, the ALJ stated: "Records noted the claimant was provided a cane to prevent falls." (TR. 17). The ALJ also noted Ms. Smith's testimony regarding the use of her cane, stating that Plaintiff reported using the cane 2-3 times per week during a "flare-up" involving leg numbness. (TR. 18). The ALJ did not account for Plaintiff's cane use in the RFC and did not explain his implicit rejection of the same, but concluded that Ms. Smith could walk for 6 hours during an 8-hour workday. *See* TR. 16.

### B. Error in the ALJ's Consideration of Plaintiff's Need for a Cane

Social Security Ruling 96-9p provides that assistive devices such as canes and walkers will be found medically necessary when there is "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). And a prescription is not required for a hand-held assistive device to be medically necessary, only "medical documentation establishing the need for the device." *Staples v. Astrue*, 329 F. App'x 189, 191 n. 1 (10th Cir. 2009).

As discussed, the record establishes that Dr. Powers gave Plaintiff a cane to aid her in preventing falls. *See supra*. Accordingly, the ALJ had a duty to discuss this evidence and explain his treatment of the same. *See Clifton v. Chater*, 79 F.3d 1007, 1009-1010 (10th Cir. 1996) (holding that "an ALJ is not required to discuss every piece of evidence," but must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects"). The ALJ acknowledged the evidence from Dr. Powers, but he failed to state whether he had accorded it any weight. (TR. 19). The ALJ specifically rejected a "Medical Opinion Regarding Residual Functional Capacity" Statement from Dr. Powers, but that statement made no findings regarding Plaintiff's use of a cane. *Compare* TR. 19 *with* TR. 261. The ALJ also acknowledged Plaintiff's testimony regarding her use of the cane, and ultimately found Plaintiff to be only partially credible, but the ALJ did not specifically explain whether he had deemed Plaintiff credible regarding her need to use a cane. *See* TR. 18-19.

The Commissioner offers two arguments in an attempt to defend the ALJ's lack of explanation, but neither of them are persuasive.

First, Ms. Berryhill argues that the RFC is supported by substantial evidence because the ALJ cited: (1) a treatment record which noted that Ms. Smith had "normal" strength and gait; (2) an x-ray which showed "no abnormalities in [Plaintiff's] lumbar spine; (3) Plaintiff's testimony that she could perform household chores and babysit her granddaughter; and (4) opinions from two State Agency physicians who had reviewed Plaintiff's need for a cane. (ECF No. 17:7, citing TR. 17, 19). Defendant's argument misses the mark for two reasons. First, the issue is not whether the RFC lacked substantial

evidence, but instead, whether the ALJ committed legal error in failing to explain the impact of Plaintiff's cane use on the RFC. Second, the ALJ himself did not rely on this evidence to reject Plaintiff's medically-documented need to use a cane or her related testimony[1] and the Court is not permitted to supply *post hoc* rationales to uphold the Commissioner's decision. *See Haga v. Astrue,* 482 F.3d 1205, 1207 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."); *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (the Court should not "substitute [its] judgment for that of the Commissioner.").

In a second attempt to defend the ALJ, Ms. Berryhill states: "Ms. Smith has not shown that her use of a cane would preclude performance of her past relevant work as a dispatcher." (ECF No. 17:8). In doing so, the Commissioner cites the portion of SSR 96-9p which states that:

> Since most unskilled sedentary work requires only occasional lifting and carrying of light objects such as ledgers and files and a maximum lifting capacity for only 10 pounds, an individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand.

(ECF No. 17:8, citing SSR 96-9p, at *7). Accordingly, Ms. Berryhill states that Plaintiff's use of a cane would not preclude the minimal lifting and carrying requirements of her past relevant work as a dispatcher based on how Plaintiff had described her duties as she performed that job. (ECF No. 17:8-9). But the ALJ had concluded that Ms. Smith could

---

[1] *See* TR. 17, 19.

perform the duties of the dispatcher job not as she had performed it, but how the job was actually or generally performed as outlined in the DOT. (TR. 20). In addition, Ms. Berryhill's argument is premature because without findings from the ALJ regarding the impact of Plaintiff's cane use on the RFC, the Court cannot speculate regarding potential findings regarding Ms. Smith's ability to perform her past work as a dispatcher.

Ultimately, the Court concludes that the ALJ's failure to explain his treatment of Plaintiff's need for a cane to prevent falling constitutes legal error and remand is warranted. *See Thompson v. Berryhill*, No. CIV-17-923-R, 2018 WL 4402971, at *3 (W.D. Okla. Mar. 13, 2018), *report and recommendation adopted in part,* No. CIV-17-923-R, 2018 WL 3427652 (W.D. Okla. July 16, 2018) (recommending reversal because the ALJ had failed to discuss evidence regarding Plaintiff's use of a cane or explain why he was rejecting it or had failed to include it in the RFC); *McAnally v. Berryhill*, No. CIV-16-459-M, 2017 WL 4080696, at *3 (W.D. Okla. Aug. 29, 2017), *report and recommendation adopted*, No. CIV-16-459-M, 2017 WL 4079407 (W.D. Okla. Sept. 14, 2017) (recommending reversal because the ALJ failed to address an opinion which stated that the claimant required a cane for walking, an opinion which was "at odds" with the claimant's ability to perform "light" work).

## VI.     PLAINTIFF'S OTHER ALLEGATIONS OF ERROR

Ms. Smith also alleges the ALJ: (1) erred at step four regarding Plaintiff's past relevant work and (2) had failed to properly apply the Grids. (ECF No. 16:8-11, 14-16). The Court need not address the alleged errors at step four, because they could likely be affected following a remand for reconsideration of evidence concerning Plaintiff's use of

a cane. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."). And although the allegations concerning the ALJ's failure to apply the Grids would appear to be an independent error, Plaintiff's argument is premised on a finding that she is unable to perform her past relevant work. *See* ECF No. 16:14-15. As stated, any findings regarding Plaintiff's ability to perform her past relevant work may be affected following the remand, precluding consideration of Plaintiff's argument regarding the Grids at this time.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on March 8, 2019.

_____

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE